UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ATSCO HOLDINGS CORP, et al.** ) | Case No. 1:15-cv-1586 |
| ) | |
|     **Plaintiffs,** ) | |
| ) | |
|     vs. ) | **REPORT OF PARTIES' PLANNING MEETING UNDER FED. R. CIV. P. 26(f) and L.R. 16.3(b)** |
| ) | |
| **AIR TOOL SERVICE COMPANY, et al.** ) | |
| ) | |
|     **Defendants.** ) | |
| ) | |

1. Pursuant to Fed. R. Civ. P. 26(f) and L.R. 16.3(b), a meeting was held on __February 15__, 20 16, and was attended by:

   __Brian P. Muething__ counsel for plaintiff(s) __ATSCO Holdings Corp. & HY-TECH Machine, Inc.__

   _____ counsel for plaintiff(s) _____

   __Charles P. Royer__ counsel for defendant(s) __Air Tool Service Company, n/k/a X5432, Inc. & Rick J. Sabath__

   _____ counsel for defendant (s) _____

2. The parties:
   ____ have exchanged the pre-discovery disclosures required by Rule 26(a)(1) and the Court's prior order;
   _X_ will exchange such disclosures by __February 25__, 2016
   ____ have not been required to make initial disclosures.

3. The parties recommend the following track:

   __ Expedited _X_ Standard ____ Complex ____ Administrative ____ Mass Tort

4. Pursuant to Local Rule 5.1(c) all documents must be electronically filed absent a showing of good cause.

5. This case **is** suitable for one or more of the following Alternative Dispute Resolution (ADR) mechanisms:

\_\_\_\_\_ Early Neutral Evaluation  _____ Mediation  \_\_\_\_ Arbitration.
\_\_\_\_\_ Case **is not** suitable for ADR at this time but may be after discovery.  __X__ Case **is not** suitable for ADR at any time. **(The parties believe that alternative dispute resolution would be more appropriate after an initial round of discovery and intend at this point to pursue private mediation within approximately 60 days)**

6. The parties \_\_\_\_ do/ __X__ do not consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

7. Recommended Discovery Plan:

(a) Describe the subjects, nature and extent of discovery

   The facts and circumstances as identified in Plaintiffs' complaint arising from the asset purchase as well as Defendants' defenses and counterclaim. Both parties reserved the right to conduct all discovery permitted by the Federal Rules of Civil Procedure.

(b) Non-Expert discovery cut-off date:   8/15/2016

(c) Plaintiff's expert report due date:   10/1/2016

(d) Defendant's expert report due date:   11/18/2016

(e) Expert discovery cut-off date:   12/31/2016

8. Recommended cut-off date for amending the pleadings and/or adding additional parties:
   May 23, 2016

9. Recommended dispositive motion date:   September 12, 2016

10. Recommended date for a Settlement Conference:
    See note above

11. Other matters for the attention of the Court:   Because Defendant, Air Tool Service Co., n/k/a X5432 assets were purchased by Plaintiff, the documents it will produce in its Initial Disclosures will not be voluminous.

    */s/ Brian P. Muething*
Attorney for Plaintiff(s) ATSCO Holdings Corp. and HY-TECH Machine, Inc.


    */s/ Charles P. Royer (per email authorization)*
Attorney for Defendant(s) Air Tool Service Company, n/k/a X5432, Inc. and Rick J. Sabath

{00844267}