UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ATSCO HOLDINGS CORP., ET AL.,** | ) | **CASE NO.1:15CV1586** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **AIR TOOL SERVICE CO. ET AL.,** | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendants' Air Tool Service Company n/k/a X5432, Inc. and Rick J. Sabath Motion to Strike Plaintiffs' Claim for Punitive or Treble Damages (ECF # 10).  For the following reasons, the Court grants Defendants' Motion.

Plaintiffs' Amended Complaint alleges Breach of Contract and Unjust Enrichment claims arising from Defendants' alleged misrepresentations made in an Asset Purchase Agreement wherein Plaintiffs purchased substantially all the assets of Air Tool Service Company.  According to Plaintiffs Defendants misrepresented:  the condition and value of certain equipment, the financial status of Defendants, Defendants' ownership of certain intellectual property and other assets and the status of Defendants' inventories.   These misrepresentations were made in Section 3 of the Asset Purchase Agreement.  Plaintiffs'

Prayer for Relief seeks actual damages, statutory damages, punitive or treble damages, interest, costs and all other relief to which Plaintiffs are entitled.

Defendants move to strike Plaintiffs' request for treble or punitive damages because Ohio law does not allow recovery of punitive damages on breach of contract claims. Furthermore, Defendants argue Plaintiffs never allege Defendants acted with malice, hatred, ill will or a spirit of revenge.  In the absence of such allegations, Plaintiffs cannot recover treble or punitive damages.

Plaintiffs respond that Ohio law permits punitive damages on a breach of contract claim when it is accompanied by a connected but independent tort involving fraud, malice or oppression.  Plaintiffs further assert that it would be premature to strike Plaintiffs' punitive and treble damages claim at this stage of the proceedings without the development of a factual record.  So long as the damages claimed relate to the controversy at issue, Plaintiffs contend, they should not be stricken.  Lastly, Plaintiffs request leave to amend if the Court finds the allegations in Plaintiffs' Amended Complaint do not support claims for punitive or treble damages.

## **LAW AND ANALYSIS**

Pursuant to Fed.R.Civ.P. 12(f), "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  In *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953), the Court commented: "Partly because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts ... It is a drastic remedy to be resorted to only when required for the purposes of

justice ... The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy."  (internal citations omitted).  A motion to strike should also be granted where the requested relief is unavailable.  *Wrench LLC v. Taco Bell Corp.,* 36 F. Supp. 2d 787, 789 (W.D. Mich. 1998).

The Ohio Supreme Court has held that the purpose of contract damages is to compensate non-breaching parties for losses suffered due to the breach, therefore, "[p]unitive damages are not recoverable for a breach of contract unless the conduct constituting the breach is also a tort for which punitive damages are recoverable." *Lake Ridge Academy v. Carney,* 66 Ohio St.3d 376, 613 N.E.2d 183, 187 (1993).  "A tort exists only if a party breaches a duty which he owes to another independently of the contract, that is, a duty which would exist even if no contract existed.  However, when the promisee's injury consists merely of the loss of his bargain, no tort claim arises because the duty of the promisor to fulfill the term of the bargain arises only from the contract.  The tort liability of parties to a contract arises from the breach of some positive legal duty imposed by law because of the relationship of the parties, rather than from a mere omission to perform a contract obligation." *Raymac Leasing Corp. v. U.S. Brands Corp.,* 1991 WL 158758 at *4 (6th Cir. Aug.14, 1991).  "The courts of Ohio consistently require an independent duty, not intertwined with a contractual relationship as the basis of a tort claim by one of the contracting parties against the other contracting party, or its employees and agents." *Id.*

"[I]n Ohio[,] tort actions are generally unavailable in breach of contract cases no matter how willful or malicious the breach." *Schachner v. Blue Cross and Blue Shield of Ohio,* 77 F.3d 889, 897 (6th Cir.1996). "[I]t is well-settled that claims for unjust enrichment

sound in contract rather than tort." *Dodson v. Maines,* No. S-11-12, 2012 WL 2061608, *9, 2012 Ohio 2548, ¶ 37 (6th Dist Ohio App. June 8, 2012);   "As such, compensatory and punitive damages are not recoverable for a "bad faith" or "tortious" breach of contract." *Empire Detroit Steel Div. Cyclops Corp. v. Pennsylvania Elec. Coil, Inc.,* No. CA 2903, 1992 WL 173313, at *3 (Ohio Ct. App. June 29, 1992).  Furthermore, in Ohio, "the general rule is that punitive damages may only be recovered in actions involving intentional torts." Dodson, at *9  citing  *Mabry–Wright v. Zlotnik*, 165 Ohio App.3d 1, 2005–Ohio–5619, 844 N.E.2d 858, ¶ 18 (3d Dist.) ("[P]unitive damages are generally not recoverable in an action for breach of contract.").  "However, where the breach of contract action is accompanied by a connected tort that is fraudulent, wanton, reckless, malicious, or oppressive, punitive damages may be appropriate. *Dodson*, at *9.

"Only where a special or fiduciary relationship exists between the parties and imposes a duty of good faith will the breach of [contract] result in a tortious cause of action." *Empire Detroit*, at *3.  See also *Cincinnati Gas & Elec. Co. v. General Elec. Co.,* 656 F.Supp. 49, 63 (S.D.Ohio 1986) ("The still valid rule of *Ketcham v. Miller,* 104 Ohio St. 372, 136 N.E. 145 (1922), forbids parties to convert contract actions into tort actions by attacking the motives of a breaching party, as the motive of a breaching party is irrelevant to a contract action ..."

Therefore, in order for Plaintiffs to assert claims for punitive or treble damages for breach of contract and/or unjust enrichment, Plaintiffs must allege some independent duty owed them by Defendants.  Plaintiffs' Amended Complaint fails to allege any duty owed outside the contracted-for obligations of both parties.  Furthermore, all the alleged misrepresentations made are found in the contract.  Plaintiffs make no allegations that

Defendants made fraudulent representations outside the contract in order to induce Plaintiffs to sign the contract. Therefore, Plaintiffs have not asserted an independent duty owed them by Defendants, independent of the contract, nor have they asserted a duty imposed on Defendants arising from a special or fiduciary relationship with Plaintiffs.

Because punitive and treble damages are unavailable under the allegations and claims in Plaintiffs' Amended Complaint, the Court grants Defendants' Motion to Strike Plaintiffs' claim for punitive and treble damages.

IT IS SO ORDERED.

                                              s/ Christopher A. Boyko
                                              CHRISTOPHER A. BOYKO
                                              United States District Judge

Dated: June 1, 2016