UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ATSCO HOLDINGS CORP., *et al.* ) | CASE NO. 1:15-CV-1586 |
| ) | |
| *Plaintiffs*, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| v. ) | |
| ) | |
| AIR TOOL SERVICE COMPANY, *et al.* ) | |
| ) | |
| *Defendants*. ) | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EXPERT OPINION TESTIMONY AND TO LIMIT LAY OPINION TESTIMONY**

By and through undersigned counsel, Defendants Air Tool Service Company, n/k/a X5432, Inc. ("Air Tool") and Rick J. Sabath ("Sabath") (collectively, with Air Tool Service Co., the "Defendants"), submit the following reply in support of their Motion in Limine to Exclude Expert Opinion Testimony and to Limit Lay Opinion Testimony (the "Motion") (ECF # 47).

In their response, Plaintiffs concede they will not offer expert testimony. Plaintiffs argue their claims can be advanced with lay person testimony only. They trust that the Court can determine the issues from the perspective of the ordinary knowledge and experience of laymen. The Plaintiffs are wrong.

Plaintiffs' Opposition (ECF # 55) is focused on the second part of Defendants' Motion – the exclusion of expert opinion evidence masquerading as lay opinion. Plaintiffs contend that they "do not seek to offer expert testimony," and have "identified fact witnesses that will testify to facts based on their own personal factual knowledge." *See* Opposition, at p. 2. Plaintiffs further suggest that, as to its witnesses' intended testimony, "[t]he most important point to offer

is that, as a matter of fact, the parts were not usable and/or sellable by Plaintiffs, testimony that Plaintiffs can offer merely by witnesses telling the facts as they know them." *Id*., at pp. 2-3. Planitiffs' position ignores the critical issues of *why* Plaintiffs' witnesses believe any alleged parts are not useable and/or sellable by Plaintiffs, and, the effect such a "fact", if believed, would have on a valuation.  Recall, Plaintiffs' allegations include that certain tools and or their parts were "defective," "unusable," "unrepairable," and "non-saleable and without value" (*see* Amended Complaint, at ¶¶ 13-16); and, that an Okuma MacTurn computerized numerical controlled (CNC) manufacturing machine was "not in good operating condition and repair," not "reasonably maintained" and in "non-conforming condition" at the time of the closing. *Id*. at ¶ 18.

      The question for the Court is, can lay testimony be solely relied upon to determine whether various pneumatic tools and their components were defectively designed or manufactured or unrepairable and thus non-saleable and without value?  It would appear only a qualified expert in the design, manufacture and repair of pneumatic tools and their components could answer that question.

      This same question needs to be asked with respect to the Okuma MacTurn.  Plaintiffs allege that lay testimony alone will be sufficient to prove the Okuma MacTurn, a specialized $500,000 machine, was in a condition that breached the purchase agreement. The Okuma MacTurn Series is a sophisticated multi-function turning milling center with up to 9 programmable axis for complex machining of turned and milled parts.  Yet Plaintiffs intend to show, with lay testimony only, that this machine was in some way non-conforming.  As Defendants continue to demonstrate, determinations regarding the allegations in this case hinge on "scientific, technical, or other specialized knowledge" beyond the experience or knowledge of

an average fact finder, and for which expert testimony is required. *See* Fed. R. Evid. 701 and 702.

Plaintiffs brazenly suggest, citing cases from outside the Sixth Circuit, that because this is a bench trial, determination of Defendants' Motion is "unnecessary," and that motions in limine in the context of a bench trial are "asinine." *See* Opposition, at p. 2, citing *United States v. Jim*, 2016 U.S. Dist. LEXIS 186874 (S.D. Fla. May 25, 2016) and *Cramer v. Sabine Transp. Co.*, 141 F. Supp. 2d 727, 733 (S.D. Tex. 2001). However, this Court *specifically invited* the parties to file motions in limine as part of its Trial Order, and assuredly it did not do so in vain. Defendants will side with this Court's Orders over Plaintiffs' feelings on the subject. Moreover, the cases cited in Defendants' Motion recognize that courts within the Sixth Circuit have disallowed lay opinion testimony concerning alleged defects or quality of tools and machinery, where such testimony is based upon "scientific, technical, or other specialized knowledge." *See Frausto v. Cooper Tire & Rubber Co.*, 2014 WL 3496767 (M.D. Tenn. July 10, 2014) and *Weber Mfg. Techs., Inc. v. Plasan Carbon Composites, Inc.*, 2016 WL 4073545 (E.D. Mich. Aug. 1, 2016).

Plaintiffs mistakenly contend that *Frausto* is "actually way more helpful to Plaintiffs" because, in that case, the witness did not author nor receive certain documents about which he was questioned, and thus, Plaintiffs argue, the witness "was not testifying from personal knowledge[.]" *See* Opposition, at p. 3. However, the witness in *Frausto* was asked also questions relative to his personal knowledge, such as whether a particular statement read from a document was "consistent with general knowledge about spiral nylon overwraps while [he was] at Cooper Tire[.]" *Frausto*, 2014 WL 3496767 at *3. Despite this fact, the *Frausto* court still concluded the witness was "clearly and unmistakably testifying as an expert witness and not as a

3

lay witness, since his testimony is clearly based upon his 'scientific, technical, or other specialized knowledge' in the field of tire design and manufacture." *Frausto*, 2014 WL 3496767 at *3. So too here, any attempt by Plaintiffs to introduce opinion testimony through lay witnesses based upon "scientific, technical, or other specialized knowledge," should be excluded.

This point is further driven home by the *Weber* decision, a case Plaintiffs attempt to gloss over in their Opposition, due to the fact that the *Weber* court deferred rulings upon testimony until trial on a case-by-case basis. But in *Weber*, just as here, a party made allegations concerning defective tools offered lay witness testimony in support, claiming that such witnesses had "significant personal knowledge of and experience with the Weber tools at issue, the tests Plasan performed with them to try to get them to work as expected, Plasan's various efforts to repair and replace them, and Plasan's damages." *Weber*, 2016 WL 4073545 at *7.

In the face of this argument, the *Weber* court observed that "it appears that **much of the testimony Plasan seeks to proffer as lay opinion in this case as to what caused or did not cause Plasan to experience problems with the Weber tools, including opinions as to whether the Weber tools breached express or implied warranties to Plasan, 'failed,' or were generally 'defective,' would be improper lay opinion**." *Weber*, 2016 WL 4073545 at *9 (emphasis added). So too here, any attempt by Plaintiffs to introduce improper lay opinion testimony regarding allegedly defective, unrepairable, low quality, or improperly maintained inventory, tools, parts, assemblies and/or equipment or how they allegedly relate to various economic valuations should be precluded at trial. Because Plaintiffs' allegations are based upon "scientific, technical, or other specialized knowledge" for which expert testimony is plainly required, the Court should address this issue now and preclude the introduction of improper lay

opinion testimony.[1] If, as in *Weber*, the Court chooses to address the issue at trial on a case-by-case basis, the same result should obtain, and any expert opinion evidence improperly masquerading as lay opinion testimony should be excluded.

## CONCLUSION

For the foregoing reasons, and for the reasons stated in Defendants' Motion, Defendants request that the Court enter following Orders relating to Opinion Testimony at the trial of this matter:

1. An Order that neither party may introduce any Expert Witness and/or any Expert Opinion Evidence; and

2. An Order that neither party may introduce any Expert Witness and/or any Expert Opinion Evidence masquerading as Lay Opinion.

Respectfully submitted,

/s/ Tim L. Collins
Thomas J. Scanlon (0017308)
tscanlon@collins-scanlon.com
Tim L. Collins (0033116)
tcollins@collins-scanlon.com
Joseph H. Gutkoski (0086285)
jgutkoski@collins-scanlon.com
COLLINS & SCANLON LLP
3300 Terminal Tower
50 Public Square
Cleveland, Ohio 44113-2289
Telephone: 216-696-0022
Facsimile: 216-696-1166

---

[1] As set forth in Defendants' Motion, but not addressed by Plaintiffs' Opposition, such lay opinions should also be excluded because they would improperly embrace the ultimate issues in this case, such as whether the various tools, parts, inventory, and the Okuma MacTurn machine were defective and/or breached warranties contained in the Agreement. For this additional reason, even if the opinions were otherwise proper lay opinions (which they are not), they should be excluded. *See Mitroff v. Xomox Corp.*, 797 F.2d 271, 276 (6th Cir. 1986) ("[S]eldom will be the case when a lay opinion on an ultimate issue will meet the test of being helpful to the trier of fact since the jury's opinion is as good as the witness' and the witness turns into little more than an 'oath helper.'"). Opinions on the ultimate issues in a case like this should only be proffered through properly disclosed and qualified experts, not lay witnesses.

    and

    Mark A. DiCello (0063924)
    madicello@dlcfirm.com
    DICELLO LEVITT & CASEY, LLC
    7556 Mentor Avenue
    Mentor, Ohio 44060
    Telephone: 440-953-8888
    Facsimile: 440-953-9138

    *Counsel for Defendants Air Tool Service Company, n/k/a X5432, Inc. and Rick J. Sabath*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of July, 2017, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties not receiving service through the Court's electronic filing system will be served by regular U.S. mail. Parties may access this filing through the Court's system.

Brian P. Muething
bmuething@kmklaw.com
Jacob D. Rhode
jrhode@kmklaw.com
Keating Muething & Klekamp PLL
One East Fourth Street, Suite 1400
Cincinnati, Ohio 45202

*Counsel for Plaintiffs*
*ATSCO Holdings Corp. and*
*Hy-Tech Machine, Inc.*

/s/ Tim L. Collins
*One of the Attorneys for Defendants Air Tool Service Company, n/k/a X5432, Inc. and Rick J. Sabath*

*P:\Melinda\Sabath, Rick J\ATSCO Suit\Motions & Pleadings\(2017-07-18) Reply in Support Motion in Limine -- Expert Testimony.docx*