UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ATSCO HOLDINGS CORP., *et al.* | ) | CASE NO. 1:15-CV-1586 |
| | ) | |
| *Plaintiffs*, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | |
| AIR TOOL SERVICE COMPANY, *et al.* | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

**PLAINTIFFS' BRIEF REGARDING DEFENDANTS' WAIVER ARGUMENT**

Plaintiffs ATSCO Holdings Corp. and Hy-Tech Machine, Inc., collectively, the "Plaintiffs," hereby submit their brief in response to the indemnification issue raised by Defendants in their trial brief.

Defendants' eleventh-hour invocation of this issue fails for three reasons: first, Plaintiffs did provide a claim notice; second, Defendants cannot show the "material prejudice" required under the agreement (and certainly cannot do so in this procedural context with no factual record before the Court0; and, third, Defendants waived strict compliance with these notice provisions when they failed to raise the issue upon filing of this suit and instead participated in this litigation. On the inventory acknowledgement/closing statement issue, Defendants waived compliance with this provision also.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

As the Court is aware, this case arises out of an asset purchase agreement between the parties. After assuming operation of the business assets purchased in the transaction, Plaintiffs identified multiple deficiencies with respect to the purchased assets. Contrary to how this issue

was presented by Defendants, Plaintiffs immediately began attempting to work with Defendants to address these issues. For example, on October 16, 2014, Joseph Molino (the chief financial officer and chief operating officer of Plaintiffs' parent company) wrote to Defendant Sabath and raised multiple deficiencies with certain of the assets. (See Letter attached as Exhibit A.) Mr. Sabath did not respond. On October 24, 2014, counsel for Plaintiffs wrote to Mr. Sabath again raising issues with the assets purchased in the transaction. Counsel's letter indicated a desire to resolve these issues among businesspersons with the companies (and also referred to an unreturned interim voicemail and email) (see correspondence attached as Exhibit B.) Mr. Molino and Defendant Sabath then engaged in an approximately one-month discussion regarding issues identified in the original letter and others as identified by Mr. Molino. Emails reflecting these discussions are attached as Exhibit C. By letter of November 18, 2014, Defendant Sabath essentially rejected all requests for payment by Defendants. This letter is attached as Exhibit D.

Defendants having failed to address any of the issues identified by Plaintiffs, and Plaintiffs believing that some or all of their claims were subject to arbitration, Plaintiffs initiated an arbitration proceeding. A copy of the arbitration demand is attached as Exhibit E. Pursuant to the agreement, the role of the arbitrator was to pick an independent accountant (should the parties be unable to agree) to resolve the dispute. Despite this modest role of the arbitrator, Defendants substantially muddied the water by submitting a letter that addressed the merits of the dispute (see attached Exhibit F), generally refused to participate, and so confused the issues that AAA eventually determined it could not assist the parties (see email attached as Exhibit G).

On August 10, 2015, Plaintiffs filed this action. Defendants did not contend upon filing that the pre-suit claim notice provisions had not been satisfied. More specifically, despite filing a Rule 12 motion (directed to Plaintiffs' punitive damages claim), Defendants did not raise the

claim notice issue by motion. Their answer does not assert an affirmative defense related to this issue. The report of the parties' Rule 26 planning conference does not refer to the issue and Defendants did not bring the issue up at the case management conference.

The parties then engaged in a discovery process and participated in two mediations. Without revealing the substance of those mediations, Defendants did not suggest that this claim notice issue barred Plaintiffs' claims. Only in their trial brief did Defendants raise the issue of the pre-suit provisions having not been satisfied.

## II. ARGUMENT

### A. Defendants' Claim Notice Argument Fails For Multiple Reasons

#### 1. Plaintiffs Provided a Claim Notice

Defendants' argument fails in the first instance because Plaintiffs did in fact provide a claim notice to Defendants. As described above, Plaintiffs brought any number of deficiencies to the attention of Defendants and Defendants refused to provide any remuneration to Plaintiffs. The point of the claim notice provision is merely to alert the counterparty to the existence of a dispute. By any standard, the letters and emails attached hereto show Plaintiffs both trying to provide notice and attempting to work out the dispute on an extrajudicial basis. The letters also show that Defendant Sabath was quite resistant to Plaintiffs' claims. Given their steadfast refusal to engage meaningfully with Plaintiffs, Defendants cannot now be heard to invoke the notice provision as if to say "had we known of the dispute previously, perhaps we could have worked it out."[1]

[1] Defendants contend in their brief that these documents were not produced in discovery. That argument is not meritorious for two reasons. First, by failing to identify these threshold issues in their answer or in a Rule 12 motion, Defendants failed to put the claim notice issue into dispute in the litigation. Therefore it was reasonable for Plaintiffs to assume these documents were not responsive or at issue in the case. Second, the point of discovery, of course, is to prevent unfair surprise through disclosure of facts and documents—Defendants did not need Plaintiffs to produce back to them documents that had already been sent to them once and of which they had equal access to.

Moreover, even if Defendants could establish some type of technical deficiency with these notices, it is well settled that "a technical deviation from a contractual notice requirement will not bar the action for breach of contract brought against a party that had actual notice." *Stonehenge Land Co. v. Beazer Homes Invests., LLC*, 10th Dist. Franklin No. 07AP-449, 07-AP-559, 2008-Ohio-148, 893 N.E.2d 855, ¶ 24; *see also Leisure Sys. v. Roundup LLC*, S.D. Ohio No. 1:11-cv-384, 2012 U.S. Dist. LEXIS 155948, at *21-24 (S.D. Ohio 2012) (collecting cases). Defendants were provided with notices and chose to do nothing about the issues raised therein. That is all they were entitled to under the agreement.

2. Defendants Did Not and Can Not Establish Material Prejudice Arising From the Alleged Lack of a Claim Notice

Defendants' argument fails for the further reason that Defendants cannot identify "material prejudice" arising from the alleged lack of a claim notice sufficient to trigger the waiver of Plaintiffs' claims. The agreement says that the indemnification obligations survive even without a claim notice unless the failure "shall result in any material prejudice." Agreement at 11.2.3.

Here Defendants have not carried their burden of showing material prejudice. Their brief contains just one sentence addressed to this issue and it fails to identify clearly any prejudice. ECF 59 at 8. Specifically, Defendants state that they have been prejudiced in defending the claims or from being able to control settlement and compromise in the first instance. This last reference is for when third parties bring claims and has no applicability to the present circumstances; and the first sentence is conclusory and contradicted by the fact that Defendants were prepared to try the case on the merits. And if there really was some type of prejudice, they have not identified why dismissal of any claim should result. By just one example, where Plaintiffs complain about deficient inventory, Defendants were offered an opportunity in

discovery to examine this inventory. So there was no missed opportunity (no material prejudice) that resulted from allegedly not receiving the claim notice.[2]

What is more on the material prejudice point, given that the material prejudice issue presents questions of fact, there is no realistic way for the Court to decide this issue adverse to Plaintiffs in this setting and on this record. To grant judgment without a trial would mean Defendants would have to meet the Rule 56 standard which they cannot do. Indeed there is *no* factual record at all for the Court on this question. For this reason alone, the claim notice issue should be rejected.

3. Defendants Waived the Claim Notice Issue

A final reason for overruling Defendants' position is that they waived the claim notice pre-suit requirement by answering the complaint, participating in the litigation, and only raising the issue in the days before trial. As noted above, Defendants did not raise this alleged pre-suit deficiency by motion at the beginning of the case, nor did they include a specific reference to this issue in their answer. Instead Defendants litigated the case on the merits. Through any and certainly all of these actions, they waived the claim notice issue.

In this regard the facts and procedural posture of this case are indistinguishable from *Picture Me Press, LLC v. CPI Images, LLC*, N.D. Ohio No. 5:08CV32, 2009 U.S. Dist. LEXIS 131874, at *2 (N.D. Ohio Aug. 11, 2009). There a party attempted to raise an unpled affirmative defense in the days before trial. The court rejected the attempt has having been waived and denied leave to amend the defendant's answer. And as may be relevant here, the court rejected

[2] Nor could Defendants, in their reply brief, attempt to identify any additional prejudice. They are not entitled to bring up new arguments or theories in a reply brief.

the contention that a generic "waiver" affirmative defense was broad enough to encompass a specific unpled defense.[3]

The issue, as generally discussed in *Picture Me Press* is one of fairness and notice. Nothing Defendants did in how they approached this case suggested that the claims in the case were barred by an alleged threshold, pre-suit deficiency. To the contrary. Defendants litigated the merits. General notions of fairness prevent Defendants from raising this issue only in the days before trial.

### B. <u>Defendants Also Cannot Prevail on the Inventory Acknowledgment Issue</u>

Defendants also assert that claims in the complaint are barred because of the late delivery of a closing statement and inventory acknowledgement form. All of the above reasons apply with equal weight: Defendants did not properly raise this position and waived it by their litigation conduct. Also, as with the above, this issue cannot be resolved adverse to Plaintiffs on this limited factual record. For example, Plaintiffs will present testimony that Defendants left the business in a state of disarray and that made the process impossible to take in the time under the agreement. The Court needs the testimony of witnesses to evaluate Plaintiffs argument that Defendants have unclean hands in this regard or the contractual defenses of impossibility or impracticability.

Perhaps most compelling though, Defendants agreed to waive the deadlines for the issues about which they now demand strict compliance. For example, in the email attached as Exhibit H, Defendant Sabath agreed not to enforce the inventory schedule. In a later email, attached as

[3] An analogous situation to the claim notice is when a party has a right to transfer a case to arbitration. As the Sixth Circuit has recognized, a defendant waives the right to enforce that contractual right by appearing in the litigation, failing to raise the contractual right, and "actively litigating" the case (as Defendants did here). *See Johnson Assocs. Corp. v. HL Operating Corp.*, 680 F.3d 7 (6th Cir. 2012).

Exhibit I, Mr. Molino informed Defendant Sabath of the progress of this process and that it would extend past the deadline. Defendant Sabath failed to object.[4] Through both of these emails, Defendant Sabath has acted in tension with the position he has taken here, that strict compliance with the contractual deadlines is absolutely essential.

## III. CONCLUSION

For these reasons, Defendants' arguments regarding the waiver issue should be rejected.

[4] Again, Defendants may complain about these documents not being placed at issue earlier in the litigation. But this is precisely because their litigation conduct provided no sufficient notice that these arguments would be pursued. Moreover, and again, Defendants have equal access to these documents, and should not be asserting arguments that are inconsistent with the facts as they know them. And finally, Defendants now have the documents and there is no trial date scheduled, which means they can prepare for trial should they continue to press these positions.

Respectfully submitted,

*/s/ Brian P. Muething*

Brian P. Muething (0076315)
Jacob D. Rhode (0089636)
Keating Muething & Klekamp, PLL
One East Fourth Street, Suite 1400
Cincinnati, Ohio 45202
Tel: (513) 579-3814
Fax: (513) 579-6457
bmuething@kmklaw.com
jrhode@kmklaw.com

*Attorneys for Plaintiffs,*
*ATSCO Holdings Corp. and HY-TECH Machine, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of August, 2017, I served a true and correct copy of the foregoing to all counsel of record.

*/s/ Brian P. Muething*
Brian P. Muething

7832184.1