# EXHIBIT D

Joe,                                                                                                       November 18, 2014

I'm writing to memorialize our phone conversation Wednesday November 11, 2014 about the letter you sent to me dated October 16, 2014. During the conversation we reviewed your letter and the characterizations made in it. It is obvious, your folks were extremely sloppy, inaccurate and often lazy in providing information to you.

You began the discussion claiming that after several recounts you believe that the total inventory value is now short by $19,000 (down from the original $50,000 or 60,000 as confirmed by your auditor after he went back to conduct a recount and confirmed your folks poorly counted to incredible inaccuracy).
You were unable to provide details about the shortfall but instead suggested that we just "split the difference." ATSCO's inventory has been audited for years and our variance in value is consistently minuscule. As a result during the conversation I asked to think about the issue. I am comfortable with ATSCO's consistent audit history of accurate inventory and no adjustment will be accepted.

You then began reviewing the items in your inventory letter that you claim are defective. In item 1 you claim that the ATA Grinders require substantial modifications, the implication being that they are defective or below standard quality. During our conversation it became clear that the product is in perfect working condition but that you apparently don't know to whom you should sell the product. We made several suggestions while on the phone. Bottom line is that all of the inventory items identified in section 1 and 2 are clearly saleable in the ordinary course of ATSCO's business. All inventory was always present on the inventory list in granular detail. Further, Hy-tech acknowledged specific and intimate knowledge of ATA and its products and part numbers, making the assertion you are now making unreasonable. Note also that these inventory items were specifically singled out, address and vetted by your team during due diligence. On the call Wednesday, your own staff clearly recognized the value of this inventory.

Regarding the AS-44, 88 Units. Those items were present in physical inventory at closing and were specifically discussed in diligence. Your employee correctly depicted the location and value of the product and agreed with me as to its viability in the market. Moreover they were specific line items picked and addressed by your own auditors during their audit prior to closing. It's your decision which products you want to continue to market, not mine.

Receivable from Columbus Steel Castings. This is simply ridiculous. Your folks clearly are not performing the work necessary to provide you with accurate and current and complete information. I informed the group on the call, and confirmed by Mike Turick, after speaking personally with the Columbus, they acknowledged a recent press release to add 500 new employees and they are busy and in good financial shape. They simply pay slow from time to time if you do not stay after them. I suggested someone travels two hours to pay them a visit as they are a large customer historically and collect conduct a sales call and also collect the funds. It seemed to me to be worth a short trip for $26,000. However you disagreed with me on the worth of that trip.

As you began to address Items 3 and 4 it became clear, again that there were serious problems with your accounting.  You were unable to identify much of this inventory.  The nomenclature used by your team to identify several of the other items is not know to us(70000 Raptor), but after some discussion and description of this inventory your people were able to identify some of the items.  It was clear Nick Russell did not agree with your letter as written and conveyed he has first hand knowledge.  Additionally, it became clear that there were several instances where inventory was counted twice.  In the end we agreed that your team was to get back with me with clear identification of the inventory listed in both 3 and 4 that is defective.  Please provide complete details and reconciliation back to inventory at closing and a complete paper trial since that time.  I assume all items will be available for my review.  I suspect the final answer will Not correspond to your initial letter in October.

While I am more than willing to take responsibility for any defective inventory and confirmed and accurate counts, I am not interested in being nickel and dimed or paying for your company's sloppiness with respect to the inventory and accounting.  I have no faith in the data, information and reports being sent, your letter and follow up conference call confirms your people will need to be extremely detailed and complete and I will need to confirm and test to verify any and all further issues raised.  I am extremely busy as are most.  I ask that your people be more conscientious and respectful of our time and the costs associated for all of us by this recent example.

Regards,

Rick J. Sabath