UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ATSCO HOLDINGS CORP. ET AL.,** | ) | **CASE NO.1:15CV1586** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **AIR TOOL SERVICE CO. ET AL.,** | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

Defendants have filed three Motions in Limine in the above captioned case. Plaintiffs have not submitted any Motions in Limine. The Court rules as follows:

1) *Defendants' Motion in Limine to Exclude any Expert Witnesses or Expert Testimony Disguised as Lay Witness Testimony by Plaintiffs.* (ECF # 47).

According to Defendants, Plaintiffs never identified any expert witnesses in discovery and produced no expert reports. Therefore, the Court should exclude any expert witness testimony.

Plaintiffs do not oppose this portion of the Motion and represent they have retained no experts in this case. Therefore, the Court grants Defendants' Motion, in part, insofar as it seeks to preclude the admission of any expert witness.

Part two of Defendants' Motion seeks to prohibit Plaintiffs from offering any expert testimony disguised as lay testimony specifically concerning the quality and condition of certain complex machines involved in the purchase agreement.  Defendants further contend Plaintiffs' damages require expert testimony and lay testimony is insufficient given the highly technical nature of the damages sought.  In particular, Plaintiffs' Amended Complaint seeks damages for the following:

> Various inventory, manufactured tools, manufactured parts, and other parts and assemblies were "defective," "unusable," "unrepairable," and "non-saleable and without value." (*See* Amended Complaint, at ¶¶ 13-16);
>
> An Okuma MacTurn computerized numerical controlled (CNC) manufacturing machine was "not in good operating condition and repair," not "reasonably maintained" and in "non-conforming condition" at the time of the closing. (*Id*. at ¶ 18);
>
> Plaintiffs incurred, or "expect" to incur upwards of $100,000.00 in order to make repairs necessary to place the Okuma MacTurn machine into operating condition. (*Id.* at ¶¶ 19-21);
>
> Loss of use of the Okuma MacTurn machine caused Plaintiffs "operating losses and productivity believed to be in excess of $100,000.00." (*Id.* at ¶ 22);
>
> Other machines transferred to Plaintiffs under the Agreement "were not sufficient in nature, quality or quantity . . . to permit Plaintiffs to continue to conduct the business after the closing[,]" causing damages "believed to be in excess of $130,000.00." (*Id*. at ¶ 23).

Defendants allege each of these allegations will require expert testimony which Plaintiffs may improperly attempt to introduce via its employees.

Plaintiffs oppose the Motion, contending their employees may testify on what they personally observed.  Plaintiffs further ask the Court to deny the Motion because Defendants have not deposed any of Plaintiffs' proposed witnesses and therefore, cannot point to specific testimony that is improper expert testimony.  Finally, Plaintiffs contend Motions in Limine in bench trials are largely unnecessary since courts can always disregard improper testimony at trial and there is no danger of evidence prejudicing a jury.

Rule 701 provides that:
> If a witness is not testifying as an expert, testimony in the form of opinion is limited to one that is:  (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

"In distinguishing proper lay testimony from expert testimony, this court has specified that 'lay testimony results from a process of reasoning familiar in everyday life, whereas an expert's testimony results from a process of reasoning which can be mastered only by specialists in the field.'" *Harris v. J.B. Robinson Jewelers*, 627 F.3d 235, 240 (6th Cir. 2010) quoting *United States v. White,* 492 F.3d 380, 401 (6th Cir.2007) (internal quotation marks and citation omitted).   A lay witness may testify, for example, that "a footprint in snow looked like someone had slipped, or that a substance appeared to be blood," but cannot testify that "skull trauma caused the bruises on a victim's face." *Id.* (internal quotation marks and citation omitted).  In applying Rule 701, "the modern trend among courts favors the admission of opinion testimony, provided that it is well founded on personal knowledge and susceptible to specific cross-examination." *United States v. Valdez–Reyes,* 165 Fed.Appx.

387, 392 (6th Cir.2006).

Here, without identifying the actual testimony to be proffered, the Court is left to speculate whether the testimony offered would be testimony based on the witness's personal observation or would be of such a technical nature that it would fall within the realm of expert testimony. Therefore, the Court finds this Motion is more appropriately addressed at the time of trial based on the qualifications of the witnesses and the substance of the testimony as presented. Therefore the Court denies, in part, Defendants' Motion.

2) *Defendants' Motion to Exclude the Presentation of Evidence Concerning Claims Abandoned by Plaintiffs in Discovery, or, in the Alternative, Motion for Leave to File Motion for Partial Summary Judgment Instanter*. (ECF # 48).

According to Defendants, Plaintiffs abandoned certain claims alleged in paragraphs 25, 26 and 27 of Plaintiffs' Amended Complaint. These are Intellectual Property Claims and alleged credits owed to Michigan Pneumatic. According to Defendants in their responses to interrogatories, Plaintiffs expressly abandoned the claims.

Plaintiffs have not opposed this Motion.

Therefore, the Court grants Defendants' Motion in Limine on the allegations presented in paragraphs 25-27 of Plaintiffs' Amended Complaint.

3) *Defendants' Motion in Limine to Preclude Plaintiffs from Calling any Witness Testimony or Presenting any Exhibits*. (ECF # 52).

According to Defendants, the Court's CMC Order expressly stated that Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures apply in this case. Rule 26(a)(3) requires the parties to provide to each other and file with the Court: the name, address and phone number of each witness

expected to be called at trial; and identify each document or other exhibit expected to be offered at trial. The Rule requires that the parties make these disclosures at least thirty days before trial unless otherwise ordered by the Court. Defendants made their disclosures thirty days before trial but Plaintiffs did not. Therefore, Defendants move to preclude Plaintiffs from calling witnesses and offering exhibits at trial for Plaintiffs' failure to timely provide these disclosures.

The Court denies the Motion, as the Rule 26 expressly states the timing applies "unless otherwise ordered by the Court. The Court's trial Order established a schedule for disclosing trial witnesses and exhibits. In light of the continuation of the trial there is no prejudice to Defendants.

Therefore, for the foregoing reasons, the Court grants in part and denies in part ECF # 47, grants ECF # 48 and denies ECF # 52.

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

Dated: December 20, 2017