# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **ATSCO HOLDINGS CORP, et al.** | ) | **Case No.  1:15-cv-1586** |
| | ) | |
| **Plaintiffs,** | ) | **(Judge Christopher A. Boyko)** |
| | ) | |
| **vs.** | ) | **MEMORANDUM IN OPPOSITION TO** |
| | ) | **MOTION FOR SANCTIONS** |
| **AIR TOOL SERVICE COMPANY, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

Three years after the filing of the Complaint in this matter—and after litigating the merits and multiple times offering to settle the claims—Defendants now contend that the claims were so meritless as to support the extraordinary award of sanctions against Plaintiffs' counsel. But there are procedural and substantive shortcomings with the motion.

On procedure: Defendants never provided sufficient "safe harbor" notice at a time when there was any step Plaintiffs could take or sufficiently in advance of judgment to satisfy Sixth Circuit precedent. This bars a Rule 11 motion.

On substance: Defendants' principal argument—that Plaintiffs should have known the claims in the Complaint to be barred by a threshold requirement—fails because there was a legitimate dispute as to that issue (it required a ten-page decision from the Court where there is no suggestion that any party's position was unreasonable) and because even Defendants waited two years before ever raising the argument.

And while the Defendants urge that Plaintiffs' litigation conduct caused unnecessary attorneys' fees, that argument does not square with the actual facts before the Court. Defendants litigated this case on the merits for years—all the way through discovery and right up until the final pretrial conference—before ever raising the threshold notice argument. In other words, it was

*Defendants'* litigation strategy and decisions that caused *both* parties to incur substantial fees on the merits of claims that could have been prevented if Defendants had raised the threshold issue at the beginning of the case. Moreover, because Defendants had prepared for trial, up to the final pretrial conference where they raised the notice issue, essentially their entire defense case was funded before they ever raised the issue. In this respect, nothing Plaintiffs' counsel did needlessly increased the costs and fees in this matter. That was actually done by the Defendants.

Nothing that occurred in this case rises to the extreme level of an award of sanctions. The motion should be overruled.

## I.     BACKGROUND

The Plaintiffs' Complaint was filed in this matter in August 2015. An amended complaint—to add additional addresses for service—was later filed. As the Court knows, the general theme of the Complaint was Plaintiffs contending that certain assets they had purchased in connection with an asset purchase agreement among the parties were not what was represented.

Defendants requested and received an extension of time to file their response to the Complaint. They filed an answer generally denying the claims in the Complaint and also filed a narrow motion to strike the punitive damages claim in the Complaint. In other words, Defendants did not move to dismiss the Complaint for any substantive or procedural reason and they certainly did not provide notice to Plaintiffs that the Defendants believed the claims in the Complaint violated Rule 11 for any reason, including the failure of a threshold matter. Rather, Defendants' only argument—other than a typical answer—was to challenge the remedy that might be available to Plaintiffs should they prevail.

The Court held a case management conference on February 22, 2016. Defendants' counsel did not contend there that the claims were meritless or frivolous. A subsequent case management conference was held in June 2016. There again, there was no suggestion that the claims in the

complaint were frivolous or that they were barred in substantial part by the failure of a threshold requirement.

The parties jointly elected to pursue Court-sponsored mediation. (Doc. 31.) The parties submitted mediation statements to a Court-appointed outside mediator and a mediation session was held on August 16, 2016. Defendants argued against some of the merits of Plaintiffs' claims— as typical of a mediation—but did not contend that the claims were frivolous or barred by a threshold issue.[1]

When the case did not settle, the parties turned in earnest to discovery. Defendants served Plaintiffs with wide-ranging discovery requests related to *all* of the claims in the Complaint, even the ones that they later contended were barred and now contend were so obviously barred as to make the pursuit of them sanctionable. Plaintiffs produced voluminous records and information to Defendants in connection with these requests.[2]

The Court held a mediation and settlement conference on February 15, 2017. The Court is obviously aware of the financial back-and-forth from that day as well as the arguments advanced by the parties. Suffice it to say: no one would have reasonably walked away from that settlement conference of the mind that (1) Plaintiffs' claims were frivolous so as to be subject to sanction or (2) that Defendants' believed that the lion's share of Plaintiffs' claims were barred by a threshold issue.

---

[1]   Plaintiffs believe that the statements made in connection with the mediation could be important to the issue before the Court and that revealing certain aspects of the negotiations would not run afoul of Evidence Rule 408. However, in an abundance of caution, Plaintiffs will not include that information here. Plaintiffs have sought oral argument in connection with this response and could present the information to the Court orally and the record properly protected.

[2]   Defendants chide Plaintiffs in their motion for not aggressively pursuing discovery of their own. But Defendants were to have and did stop involvement in the business post-closing. And that period—what happened with the assets post-closing—was the focus of the Complaint. Therefore, Plaintiffs always understood that they had the information needed for litigation of the case. It is curious in a motion contending that Defendants were exposed to unneeded litigation fees that they bemoan Plaintiffs pursuing only the discovery that mattered and nothing more.

Mediation having failed, the parties set out for preparation for trial in July 2017. Just a few days before the final pretrial conference, the parties filed their trial briefs. Defendants' trial brief reveals that the Defendants had a full understanding of and simply disagreed with the claims on the merits. In addition, in the trial brief, for the first time, Defendants contended that many of the claims in the Complaint were procedurally barred (and always had been despite litigation on the merits).

During the pretrial conference, Plaintiffs asserted both substantive and procedural objections to Defendants' argument. This threshold issue having just presented itself, the Court ordered that the trial—just set to begin—be continued and the parties to brief the issues. After full briefing, the Court issued an order with respect to Defendants' argument. That order in most respects actually overruled arguments advanced by the Defendants. For example, Defendants had sought a ruling that the entire litigation was barred/waived, which the Court overruled, and found that a claim notice had been provided (which Defendants had disputed). However, the Court did hold that the claims were limited, as identified in the order.

As the Court knows and as Defendants' brief outlines, Plaintiffs concluded that in light of the indemnification "basket" and the Court's ruling, that efficiencies counseled Plaintiffs to pursue their appellate rights and focus on reinstating, if possible, the most valuable of the claims in the Complaint and that had been subject to discovery. The appeal has been filed and is being pursued. Defendants' motion for sanctions followed dismissal.

## II.    ARGUMENT

### A.    Defendants' Motion Pursuant to Rule 11 Should be Denied

Defendants move for sanctions principally under Federal Rule of Civil Procedure 11. Rule 11 provides in section (a) that pleadings and other papers must be signed by counsel and section (b) gives meaning to that signature; the signing attorney represents, essentially, that the signing

attorney has reason to believe the statements in the pleading or paper are factually and legally supported. Section (c) provides the so-called "safe harbor." It mandates that a sanctions motion be provided to counsel and only filed if the challenged paper or claim is not withdrawn or corrected within twenty-one days.

Defendants' motion meets neither the letter nor the spirit of the Rule 11 safe harbor. Defendants never suggested during the life of this case—not in the three years since the filing of the Complaint, for example—that the allegations in the Complaint were frivolous and sanctionable. Defendants never said as much about the Plaintiffs' trial brief either. Certainly no safe harbor notice was provided until late August of this year. In this circumstance, the allegedly offending claims had already been adjudicated and there was nothing left for Plaintiffs or their counsel to do, even had they wanted to. This was too late.

As the Sixth Circuit has said, quoting the 1993 Advisory Committee Notes, "Given the safe harbor provisions…a party cannot delay serving its Rule 11 motion until conclusion of the case (or judicial rejection of the offending contention.)" *Ridder v. City of Springfield*, 109 F.3d 288, 295 (6th Cir. 1997). Because a Rule 11 motion "cannot be made unless there is some paper, claim, or contention that can be withdrawn…a party cannot wait to seek sanctions until after the contention has been judicially disposed." *Id*. (internal quotation and citation omitted). Therefore, a party must "serve a Rule 11 motion on the allegedly offending party at least twenty-one days prior to conclusion of the case or judicial rejection of the offending contention. If the court disposes of the offending contention before the twenty-one day 'safe harbor' period expires, a motion for sanctions cannot be filed with or presented to the court. Any other interpretation would defeat the rule's explicit requirements." *Id*.

*Ridder* forecloses Defendants' motion. The time, if ever, to suggest that the allegations in the Complaint were frivolous was long ago. Having never raised the contention before, Plaintiffs could not possibly have done anything in response to having received Defendants' proposed Rule 11 motion. There was nothing to withdraw. The case was functionally over even before serving the safe harbor motion and the safe harbor letter was not received more than 21 days prior to entry of judgment. The safe harbor provision is supposed to put counsel to the choice: withdraw the contention or know sanctions might follow. No choice was available here and that precludes entry of sanctions.

Past the procedural shortcoming, Defendants' motion—while long on barbs and their own version of the history here—falls far short of identifying a *pleading* or *paper* that violates Rule 11. For example, Defendants claim—with underlining for emphasis, suggesting perhaps that they believe this their strongest argument—that Plaintiffs' counsel should have known before they filed suit that the threshold requirement for doing so had not been satisfied. Even leaving untimeliness aside, that argument is extremely difficult to credit. Plaintiffs' counsel never believed that any threshold issue was present until Defendants identified it. And Defendants themselves seem not to have identified this argument for two years or why would they not have presented it when they moved to strike at the beginning of the case, litigated the merits, participated in mediations, and so on. Certainly, the Court did not view the legal question to be obvious or one-sided when it asked the parties for briefing and issued a decision and order that does not call into question the good faith or basis for any of the arguments advanced.

The only other pleading identified is Plaintiffs' trial brief. But what was identified there was a reasonable interpretation of what claims were left in the case following the Court's order. Nothing there was surprising or interposed for delay. Indeed previously Plaintiffs had indicated

that they did not seek to pursue anything that was inconsistent with the Court's prior rulings. (Doc. 73.) And, here again, Defendants did not object or provide any safe harbor opportunity to do anything with respect to the submission.

Under these circumstances—procedurally or on the merits—there is no basis for Rule 11 sanctions.

### B.    Defendant's Motion Under 28 U.S.C. §1927 Should Be Overruled

As a fallback, Defendants seek an order of fees and expenses under 28 U.S.C § 1927. The question under that section is whether Plaintiffs' counsel "multiplied the proceedings…unreasonably and vexatiously."

Defendants scarcely try to support their § 1927 motion and that is likely because the facts of this litigation simply do not support such a finding. Defendants do not explain how anything Plaintiffs did "multiplied" the proceedings (that is, increased them from where they would have otherwise been) and certainly do not explain or support how this multiplication was done "vexatiously." Defendants claim in passing that Plaintiffs violated § 1927 by asserting a claim where the threshold issue was ultimately decided against them. But Defendants never suggest why the positions taken by Plaintiffs on that issue were "unreasonable" and the Court never suggested they were in its decision and order. Simply losing an issue does not give rise to sanctions. Defendants vaguely claim that Plaintiffs pursued claims that were foreclosed but that was never Plaintiffs' intention or their actual conduct. The Court permitted some claims to advance and that was what Plaintiffs kept in the case until deciding not to. This is hardly *vexatious* and certainly did not *multiply* proceedings.

III.    **REQUEST FOR ORAL ARGUMENT AND DEFERRED CONSIDERATION**

Plaintiffs move or request two case management matters should the Court further consider Defendants' sanctions motion.

First, Plaintiffs request oral argument at the appropriate time.

And, second, Plaintiffs suggest that it would be appropriate to defer action on the motion until after the Court of Appeals rules. To be clear, Plaintiffs do not believe the Sixth Circuit's decision is relevant—even if ruled against there, Plaintiffs believe their positions were always reasonable. But the mere fact of losing the issue seems important to Defendants and thus it would seem prudent to defer consideration of the motion.

IV.    **CONCLUSION**

Plaintiff requests that Defendant's motion be overruled.


Dated this 18th day of October, 2018.

                                    Respectfully submitted,

                                    */s/ Brian P. Muething*
                                    Brian P. Muething (0076315)
                                    Keating Muething & Klekamp, PLL
                                    One East Fourth Street, Suite 1400
                                    Cincinnati, Ohio 45202
                                    Tel:  (513) 579-3814
                                    Fax:  (513) 579-6457
                                    bmuething@kmklaw.com

                                    *Attorney  for Plaintiffs,*
                                    *ATSCO Holdings Corp. and HY-TECH Machine, Inc.*

-8-

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of October 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

_/s/ Brian P. Muething_____
Brian P. Muething

8747006.1