# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ATSCO HOLDINGS CORP., *et al.* ) | CASE NO. 1:15-CV-1586 |
| ) | |
| *Plaintiffs*, ) | JUDGE: CHRISTOPHER A. BOYKO |
| ) | |
| v. ) | |
| ) | |
| AIR TOOL SERVICE COMPANY, *et al.* ) | |
| ) | |
| *Defendants*. ) | |

## DEFENDANTS' MOTION FOR LEAVE TO TAKE DISCOVERY DEPOSITION

Now come the Defendants, Air Tool Service Company, n/k/a X5432, Inc. and Rick Sabath, and move this Court for leave to obtain the deposition of a corporate designee of Plaintiffs pursuant to Rule 30(b)(1) of the Fed. R. Civ. P. The grounds for this Motion are that while a material defense to the remaining claims in the Amended Complaint has been addressed by virtue of the Sixth Circuit opinion issued in this matter, other defenses, including legal and factual ones, remain important to the defense of this case. Discovery into those legal and factual matters are easily reduced to a schedule of topics for deposition testimony focused on the claims remaining for trial, to be responded to by a corporate designee(s) of Plaintiffs. Assuming comprehensive answers are supplied representing the full knowledge of Plaintiffs, Defendants anticipate this to be the only deposition Defendants will need to obtain before the trial of this matter. A further Brief in Support is attached hereto and incorporated herein by reference. Counsel for Defendants is available for a Court conference should the Court find same may be of assistance in determining this Motion.

## Conclusion

For the foregoing reasons, Defendants move that they be given leave to obtain the deposition of a corporate designee(s) of Plaintiffs at a time convenient to counsel and the parties in advance of the trial of this matter.

Respectfully Submitted,

*/s/ Tim L. Collins*
Tim L. Collins (0033116)
Thrasher, Dinsmore & Dolan
1111 Superior Ave., Ste 412
Cleveland, Ohio 44114
Telephone: 216.255.5431
Facsimile: 216.255.5450
Email: tcollins@tddlaw.com

*Attorney for Defendants Air Tool Service Company, n/k/a X5432, Inc. and Rick J. Sabath*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21 day of May, 2020, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties not receiving service through the Court's electronic filing system will be served by regular U.S. mail.  Parties may access this filing through the Court's system.

| | |
|---|---|
| Brian P. Muething | Mark A. DiCello |
| bmuething@kmklaw.com | madicello@dicellolevitt.com |
| Jacob D. Rhode | Western Reserve Law Building |
| jrhode@kmklaw.com | 7556 Mentor Avenue |
| Keating Muething & Klekamp PLL | Mentor, Ohio 44060 |
| One East Fourth Street, Suite 1400 | |
| Cincinnati, Ohio 45202 | |
| Telephone: 513-579-6400 | |
| Facsimile: 513-579-6457 | |
| *Counsel for Plaintiffs* | |
| *ATSCO Holdings Corp. and* | |
| *Hy-Tech Machine, Inc.* | |

                                           */s/ Tim L. Collins*
*Attorney for Defendants Air Tool Service Company, n/k/a X5432, Inc. and Rick J. Sabath*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| ATSCO HOLDINGS CORP., *et al.* ) | CASE NO. 1:15-CV-1586 |
| ) | |
| *Plaintiffs*, ) | JUDGE: CHRISTOPHER A. BOYKO |
| ) | |
| v. ) | |
| ) | |
| AIR TOOL SERVICE COMPANY, *et al.* ) | |
| ) | |
| *Defendants*. ) | |

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION FOR LEAVE TO TAKE DISCOVERY DEPOSITION**

Defendants seek leave to obtain a discovery deposition from a designee of Plaintiffs. The goal is to understand which cited contract provisions relate to claims Plaintiffs are presenting for trial. Likewise, the fact bases cited by Plaintiffs for each claim also need to be understood. The easiest way to achieve these goals is for a corporate designee of Plaintiffs to respond to a discovery notice of deposition.

1. <u>AMENDED COMPLAINT AND TRIAL BRIEF CONTRACT CLAIMS</u>

This breach of contract case has proceeded on Plaintiffs' Amended Complaint through motion practice, trial, the Court of Appeals, and is now back to this Honorable Court for trial, again. The landscape of this trial has materially changed, in that an important issue has been addressed by the Court of Appeals, altering this case legally and factually. The case has not been pled by Plaintiffs in a model of clarity. While stated in two (2) counts, the Amended Complaint essentially seeks damages (1) for an Okuma MacTurn CNC Machine as to its condition, repair, maintenance necessitating repairs, and loss of productivity, all purportedly making it insufficient to continue conduct of Defendants' business; (2)  for lack of accurate product drawings; (3) lack of intellectual

2

property rights ownership of a certain customer's drawings; and (4) previously unknown post-closing credits for warranty claims to a specific customer. (Not all of these claims are proceeding to trial).

Subsequent to the Amended Complaint, Plaintiffs further refined their claims through their Trial Brief and in their Appellate Brief, albeit they did not further amend their Complaint to plainly set forth in their pleading their claims. That more refined series of claims as identified in Plaintiffs' submissions other than the Amended Complaint, can be summarized in the following chart:

| Trial Brief Claim | Hy-Tech's Characterization of Claim | Present in 10.16.14 Letter | Litigation Disposition |
|---|---|---|---|
| Claim 1 | Poor Quality Parts (Michigan Pneumatic ATA Grinder Inventory - $93,313.00) | Yes | Voluntarily dismissed with prejudice |
| Claim 2 | Unsellable Inventory at Michigan Pneumatic (Air Sledge Units - $ 12,550.00) | Yes | Voluntarily dismissed with prejudice |
| Claim 3 | Unsellable Inventory at TorcUp ($5,557.00) | Yes | Voluntarily dismissed with prejudice |
| Claim 4 | Poor Quality Parts Scrapped ($18,688.00) | Yes | Voluntarily dismissed with prejudice |
| Claim 5 | A/R Mis-payment (ALCOA) | No | Triable |
| Claim 6 | Working Capital Adjustment ($100,928.00) | No | Triable |
| Claim 7 | MacTurn Inefficiency, and Work Performed Elsewhere (Never identified damages.) | No | Triable |
| Claim 8 | MacTurn Maintenance ($151,428.00) | No | Triable |
| Claim 9 | MacTurn Replacement ($370,757.00) | No | Triable |
| Claim 10 | Inaccurate Drawing and Plans ($127,250.00) | No | Abandoned by Plaintiff in discovery. |

It should be observed that fully half of the above claims are no longer part of this case, having been dismissed with prejudice, or abandoned by Plaintiffs in a response to discovery submitted by Defendants to Plaintiffs (the only discovery done by either party prior to the first trial

3

herein). Hence, five (5) claims remain for further proceedings perhaps including trial, which may be further summarized as the ALCOA mispayment claim (claim 5); the working capital adjustment claim (claim 6); and the Okuma MacTurn claim (claims 7,8 and 9). Turning to the Purchase and Sale Agreement, and Plaintiffs' Amended Complaint, we learn that Plaintiffs intend to make these claims under the following contractual provisions:

- Section 3.6 (accuracy of financial statements)
- Section 3.7 (no off the books debts or liabilities)
- Section 3.11 (ownership of intellectual property)
- Section 3.13 (inventories finished and Saleable in the ordinary course of business)
- Section 3.17 (all owned assets on company books in good operating condition and well maintained)
- Section 2.3.2.3, 3.6 and 3.13 (adjustments to purchase price inventory, closing statement and purchase price adjustment, compiled with accuracy of financial statements and of inventory saleable on the ordinary course of Seller's business)

However, turning to Plaintiffs' Trial Brief, the Purchase and Sale provisions which purportedly support Plaintiffs' contractual claims are noticeably trimmed and modified to the following:

- Section 3.6 (accuracy of financial statements)
- Section 3.7 (no off the books debts or liabilities)
- Section 3.13 (inventories finished and Saleable in the ordinary course of business)
- Section 3.17 (all owned assets on company books in good operating condition, well maintained and constitute all assets necessary to permit Seller to conduct the Business as now conducted)
- Section 11.7 (Buyer's due diligence does not modify Seller's duties under the contract)

In order to understand which of Plaintiffs' claims is governed by which of the disparate recitations of applicable contract sections, a deposition of a corporate designee is required. Without a deposition, Defendants are left to guess which contract section is applicable in Plaintiffs' mind, and under what factual scenario. Such a result is inapposite to the mandate of the Rules of Civil Procedure, that they are to "be construed, administered and employed by the Court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Rule 1,

4

Fed. R. Civ. P. A straight forward deposition on designated topics will resolve the discrepancies without much ado, and aid the just, speedy and inexpensive determination of this case at trial.

2. FACTUAL BASES FOR PLAINTIFFS' CLAIMS

In addition to the contract bases for Plaintiffs' Claims, the Amended Complaint, and Plaintiffs' Trial Brief, set out a conflicting litany of fact bases for the claims Plaintiffs apparently intend to introduce at the trial in this matter. The Amended Complaint does not factually address Claim 5; does not factually address Claim 6; does not factually address Claim 7; does factually address Claim 8 but identifies $ 32,714.36 of repairs done, and projects future repairs without support, all guesstimated at $ 75,000.00; and does not factually address Claim 9.

In contrast to the Amended Complaint, Plaintiffs' Trial Brief does address each of the Claims 5-9, but supports the claims factually with entirely amorphous fact support. For example, as to Claim 6, Plaintiffs say it "is supported by Exhibits PX-1-5, PX-13, PX 22-25" and that "Joe Molino, Patrick Crotty, Jim Aloi and Rovert Ober will testify concerning these issues". Plaintiffs' exhibits were not provided to Defendants, or to the Court, prior to trial. Hence, Defendants are only able to guess what each referenced exhibit actually is. With this in mind, Plaintiffs' exhibits 1-3 appear to be summary spreadsheets with no supporting information or explanation; and Plaintiffs' Exhibits 22-25 appear to be summary spreadsheets with no supporting information or explanation. Similarly, what information might be known by each of the named individuals also is not identified. Claim 7 identifies no supporting information or explanation in documentary form. While three (3) individuals are named, no specificity is given without tying what each individually knows which relevant to this claim. Claim 8 appears to identify a summary spreadsheet with no supporting information or explanation, and identifies three (3) individuals without tying what they individually know to this claim. Claim 9 appears to identify a summary spreadsheet without

5

supporting information or explanation. Three (3) individuals are named, without tying what they individually know relevant to this claim. Unless Defendants are able to identify Plaintiffs' exhibits, know what they purport to prove, and understand what the listed witnesses have to say about each claim and exhibit, Defendants will be flying blind into this trial, through no fault of their own.

It should be noted the Plaintiffs' Trial Brief is in violation of this Court's Civil Trial Order (2/17/17), which further frustrates Defendants' ability to know what is being claimed in this matter, and how is it supported. Specifically, in the Civil Trial Order, Paragraph 1 on Trial Briefs, this Court ordered the parties to file Trial Briefs, which " shall include:…(c) a list of proposed witnesses along with a brief description of the subject matter of the testimony of each witness; (d) an index of all proposed exhibits containing a brief description of each exhibit…" Because Plaintiffs did not individually identify what each witness would testify to, or provide a description of exhibits to know what each purports to say as to relevant issues, Defendants remain in the dark on very material issues. A succinct deposition of Plaintiffs' corporate designee would likely right these wrongs.

Finally, the Court should recall that no exhibits were provided to the Court as required by the Civil Trial Order before the trial which occurred in this matter. Defendants therefore are not certain whether what they think they have is the actual set of exhibits Plaintiffs intend to present in proof of their case. This is a subject which can easily be addressed in a deposition to correct the existing discrepancies between what is needed at trial, and what has been produced to date.

All of this said, Defendants are willing to prepare a notice of deposition with deposition topics focused on the remaining issues in this case, to allow Plaintiffs to identify appropriate witness(es), equip that individual(s) with the knowledge of the corporation, and promptly complete the deposition, assuming the responses are complete and thereby binding on Plaintiffs. If the topics

schedule is objectionable, the parties could meet and confer, and if unsuccessful, converse with the Court so as to move expeditiously forward with a deposition and then trial. Nothing described in this Motion would take more than a month or 2 to schedule and complete, meaning it easily could be completed by the end of June/early July, 2020. Nothing described in this Motion would upset the bench trial set in this case for September 21, 2020. Accordingly, in fairness to the Defendants, and in the interest of justice in this case, Defendants move this Court to grant them leave to obtain the deposition of the designee(s) of Plaintiffs on the remaining claims to be tried in this case.

Respectfully Submitted,

*/s/ Tim L. Collins*
Tim L. Collins (0033116)
Thrasher, Dinsmore & Dolan
1111 Superior Ave., Ste 412
Cleveland, Ohio 44114
Telephone: 216.255.5431
Facsimile: 216.255.5450
Email: tcollins@tddlaw.com

*Attorney for Defendants Air Tool Service Company, n/k/a X5432, Inc. and Rick J. Sabath*