UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ATSCO HOLDINGS CORP., *et al.* ) | CASE NO. 1:15-CV-1586 |
| ) | |
| *Plaintiffs*, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| v. ) | |
| ) | |
| AIR TOOL SERVICE COMPANY, *et al.* ) | |
| ) | |
| *Defendants*. ) | |
| ) | |

**MEMORANDUM IN OPPOSITION TO TAKE DEPOSITION**

Defendants have filed a motion to take a discovery deposition. Plaintiffs oppose that motion.

By way of background, discovery was initially set to be completed in this matter in 2016. The parties consented to move to for additional time to complete discovery (doc. 42), a motion the Court granted and, in doing so, stated there would be "no further extensions." (11/10/16 minute entry.)

Discovery closed with Defendants taking no depositions of Plaintiffs or witnesses they identified (and recall: the identify of witnesses was not unknown to the principal shareholder of Defendants who negotiated with Plaintiffs and, before closing, had operated the business assets said in this litigation to be defective). Defendants never claimed (then or now) that they were rebuffed in taking depositions during the discovery period. In short, Defendants made a strategic or financial decision to engage in discovery as they did, a decision from which they now seek relief.

As the Court knows, the parties prepared this case for trial in the summer of 2017. The parties were eleven days from trial and at the final pretrial conference when Defendants raised the threshold indemnification/notice issue. Never did they claim in that run-up to trial that they had been foreclosed in taking discovery or even that they wanted a deposition or would find it useful to them or for narrowing issues. Defendants do not explain in their motion what changed.

None of the Defendants' rationale in their motion support reopening discovery at this late date. They claim they need to understand legal or factual underpinnings for the claim. But they had a chance to do that in the original discovery period, chose not to, and present no justification to be relieved of that decision. They make much of alleged deficiencies with respect to exhibit production and trial briefs. But this argument is not compelling when (1) they did not complain of this in 2017, (2) the Court has issued a new order concerning trial briefs and exhibits anyway (Doc 112), and (3) Defendants' relief (if any) concerning these alleged procedural deficiencies is not the reopening of fact discovery.

Defendants provide no compelling reason to reopen discovery four years later and over the Court's prior "no more extensions" statement.

Respectfully submitted,

/s/ Brian P. Muething
Brian P. Muething (0076315)
Keating Muething & Klekamp, PLL
One East Fourth Street, Suite 1400
Cincinnati, Ohio 45202
Tel:  (513) 579-3814
Fax:  (513) 579-6457
bmuething@kmklaw.com
*Attorneys for Plaintiffs,*
*ATSCO Holdings Corp. and HY-TECH Machine, Inc.*

## CERTIFICATE OF SERVICE

I certify I filed the attached with the Court's filing system that will provide notice to all parties registered for notice.

/s/ Brian P. Muething
Brian P. Muething

10037001.1