UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ATSCO HOLDINGS CORP., *et al.* | ) | CASE NO. 1:15-CV-1586 |
| | ) | |
| *Plaintiffs*, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | |
| AIR TOOL SERVICE COMPANY, *et al.* | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

**STIPULATION AND AGREED ORDER REGARDING TRIAL, TRIAL TESTIMONY AND RELATED PROCEDURES**

Now come the parties by and through undersigned counsel, and hereby stipulate the following.

1. Trial in this matter set for Monday, September 21, 2020, is continued, for the following actions by the parties.

2. On or before October 23, 2020, the parties shall take trial testimony of Plaintiffs' trial witnesses by video and stenographic means. Plaintiffs shall bear the cost of these proceedings for video and stenographic recording.

3. Plaintiffs shall all arrange the location, presence of witnesses and all video and stenographic services and give notice of the schedule of witnesses to testify at least seven (7) calendar days before the date of the testimony so as to allow Defendants and counsel to make arrangements to attend, in person or via commercially available electronic means such as Zoom, Skype or a similar system, supply exhibits and other necessary preparations.

4. Each party shall be responsible to provide those exhibits that party wishes to utilize to

the court reporter, marked as appropriate, in advance of the scheduled testimony.

5. Objections during trial testimony will be brief, not speaking objections. In the event a questioning party is unclear as to the basis of any objection, inquiry may be made as to the basis for the objection, and a short response provided, so as to allow a questioning party to seek to cure any defect in the question, as the questioning party deems appropriate.

6. At the conclusion of the recording of Plaintiffs' scheduled witnesses, Plaintiffs shall cause the video recordings and the transcripts to be filed with this Court for review, and to be made the record of the testimony in this case.

7. Thereafter, the parties will confer as to the exhibits identified in the Plaintiffs' Trial Brief to ascertain which will be admitted without objection, and which will require a hearing with Court as to admissibility.

8. Following admission of Plaintiffs' exhibits, whether by stipulation, or ruling, Plaintiff will be deemed to have rested its case in chief.

9. The parties hereby stipulate to the authenticity of the exhibits listed by both parties in their respective Trial Briefs, obviating the need of testimony from the custodian of records, but preserving all other objections.

10. At the conclusion of Plaintiffs' case in chief, and upon receipt of the transcripts from Plaintiffs' witnesses by the Court and the parties, Defendants shall have three (3) weeks to file any motion they wish to file, including but not limited to pursuant to Rule 52(c) of the Federal Rules of Civil Procedure.

11. Plaintiffs shall have thirty (30) days to file any brief in opposition to motion(s) filed by Defendants. Any reply by Defendants shall be filed fourteen (14) days after the filing of Plaintiffs' Brief in Opposition.

12. Should the Court wish to have arguments from counsel on any subjects raised in the

    filings of the Parties, same will be set at the convenience of the Court and counsel.

13. In the event the Court concludes that evidence from the Defendant is required to decide some or all of the issues in this matter, the Court will advise the parties as to those issues for which it requests additional evidence, and a hearing will be set for Defendants to present its evidence.

14. The Court and the parties will, after Defendants have rested, establish a method and timing for providing final arguments in a briefing schedule on any remaining issues.

15. For purposes of all trial testimony, the parties shall exchange all trial exhibits seven (7) calendar days before the commencement of Plaintiffs' witnesses' testimony.

STIPULATED TO:

| /s/ Tim L. Collins | /s/ Mark A. DiCello, Esq. | /s/Brian P. Muething, Esq. |
|---|---|---|
| Tim L. Collins, Esq. | Mark A. DiCello, Esq. | Brian P. Muething, Esq. |

IT IS SO ORDERED.

_____

Hon. CHRISTOPHER J. BOYKO            Date