UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ATSCO HOLDINGS CORP. ET AL., | ) | CASE NO. 1:15CV1586 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| AIR TOOL SERVICE CO. ET AL., | ) | <u>ORDER</u> |
| | ) | |
| Defendant. | ) | |

**<u>CHRISTOPHER A. BOYKO, J:</u>**

This case was set for a bench trial to commence on September 21, 2020. On September 15, 2020, the Court held a status conference to discuss and review the presentation of trial exhibits and testimony. At that time, Plaintiffs' counsel requested that the Court allow him to present his trial evidence remotely via videotape trial depositions and electronic filings. There would be no in-court presentation by Plaintiffs of their case in chief. Defendants agreed to this unconventional bench trial methodology and the Court ordered the parties to submit a joint plan and schedule for trial by September17, 2020. On September 15, 2020, the parties' submitted their joint proposed schedule, which included Plaintiffs' witnesses' trial depositions to be completed by October 23, 2020, which the Court adopted.

On October 14, 2020, Plaintiffs' counsel emailed the Court that the parties were having a dispute over the scheduling of the trial depositions. According to Plaintiffs' counsel, he tried to schedule the depositions in the agreed-upon time period but due, in part, to Defendants' counsel's unavailability for almost half the days between September 29, when Defendants'

counsel emailed Plaintiffs' counsel his schedule, and October 23, the date Plaintiffs' trial depositions were due, he cannot get them scheduled in the agreed upon time.  Plaintiffs' counsel asks for an additional fifteen days to complete the depositions.  Plaintiffs' counsel contends such a short extension will not affect the other dates on the schedule.

Defendants' counsel opposes the extension, contending that after the September 15 status conference he heard nothing from Plaintiffs' counsel for two weeks, even though they had agreed to the upcoming dates.  On September 29, Defendants' counsel sent an email to Plaintiffs' counsel with his dates of availability.  Plaintiffs' counsel waited until October 13 to respond, leaving only thirteen days to try and schedule the depositions.  According to Defendants' counsel, this represents a pattern of Plaintiffs' delays in presenting his case.  Defendants thus oppose the extension because it was a result of Plaintiffs' own delays.

Having reviewed the parties' respective briefs, the Court grants a short extension of seven days, until October 30, 2020, to complete trial depositions as Plaintiffs have not shown good cause for the delay in scheduling the trial depositions.  Instead, it appears from the briefs to have been largely the result of Plaintiffs' delays without any explanation.  Further, the schedule for the trial depositions was based on the parties' own proposed, agreed-upon schedule.

Therefore, the Court grants a seven day extension for the completion of Plaintiff's witnesses' trial depositions until October 30, 2020.

IT IS SO ORDERED.

/s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
Senior United States District Judge