UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ATSCO HOLDINGS CORP., *et al.* ) | CASE NO. 1:15-CV-1586 |
| ) | |
| *Plaintiffs*, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| v. ) | |
| ) | |
| AIR TOOL SERVICE COMPANY, *et al.* ) | |
| ) | |
| *Defendants*. ) | |
| ) | |

**SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON PARTIAL FINDINGS**

The Court has requested supplemental briefing in connection with Defendants' Motion for Judgment on Partial Findings pursuant to Civil Rule 52(c) (Doc. 126 – the "Motion"). In this regard, Plaintiffs respectfully state:

**I.     INTRODUCTION**

The Court's principal request relates to the effect of the counterclaim judgment and the Sixth Circuit's decision reversing and remanding in this case. It is important to state at the outset: all facts and legal issues with respect to the counterclaim were developed in full at the time of the appeal. Since that time, the parties have briefed the issues in the Sixth Circuit, held oral argument there, had the Sixth Circuit issue its decision and mandate, return the case to this Court where a scheduling order and related matters were entered, and then proceed through a process to present Plaintiffs' direct evidence. In Defendants' telling, *everything* that was just listed was entirely pointless because no matter what happened in the Sixth Circuit and no matter what Plaintiffs' witnesses said or documents showed, there was never any way for the Plaintiffs to recover.

To accept that strains logic. Surely the Sixth Circuit did not believe that it's decision was a nullity. Indeed as with all federal courts, it is not permitted to rule on matters where it can provide the parties no effective relief, where there is essentially no live dispute. This Court is in the same position. It is difficult to accept an argument from the Defendants that is bottomed on the Court overseeing a pointless exercise.

The Court asks if the counterclaim judgment was raised by either party. Yes, Defendants raised it in their discussion of the procedural posture. (*See* Appellee Brief, pp 11-12, 19 n.1.) Doing so did not cause the Sixth Circuit to rule against Plaintiffs; the opposite happened.

The Sixth Circuit did not expressly grapple with the legal effect of the judgment. But there are important reasons to believe that the Sixth Circuit does not agree with Defendants' arguments here. For one, as noted above, if Defendants are right that all of Plaintiffs' present claims are barred, then the Sixth Circuit was not deciding any live dispute (the issues before it, however it ruled, would be pointless on remand). In such a circumstance, without a live dispute, the Court of Appeals would have been bereft of jurisdiction. But we know the Court of Appeals believes it *did* have jurisdiction; we know that because it reached the merits.

Raised by the parties or not, the Court of Appeals had its own "independent obligation to examine [its] own jurisdiction." *Nikolao v. Lyon et al*, 875 F.3d 310, 315-16 (6th Cir. 2017) (citing *Hamdi ex rel. Hamdi v. Napolitano*, 620 F.3d 615, 620 (6th Cir. 2010).) Under such an obligation, it is proper, Defendants suggest, to assume that it did so. Having reached the merits, the Sixth Circuit plainly satisfied itself that it was adjudicating a live controversy. That means the counterclaim judgment did not serve as a bar to litigation on remand.

Second, even aside from the jurisdiction check by the Court of Appeals, when determining what issues must have been implicitly decided in an earlier decision of the Court of Appeals, it is

well established that an issue is deemed to have been decided if "resolution of [a later] issue would abrogate the prior decision and so must have been considered in the prior appeal." *In re Purdy*, 870 F.3d 436, 443 (6th Cir. 2017). Here, accepting Defendants' argument means that the prior decision of the Court of Appeals had no purpose; doing so would "abrogate [that] prior decision" entirely. Because the prior decision needs to be read in a way that gives it a purpose, Defendants' argument should be denied.

Separately but relatedly, everything Defendants now claim (that the counterclaim judgment bars even the claims revived by the Sixth Circuit) was available to Defendants at the time the notice of appeal was filed more than three years ago. Defendants could have sought to dismiss the appeal or made their current argument a centerpiece of their briefing to the Sixth Circuit. They did not do so. Nor did they file any type of dispositive motion on remand. Whether by operation of estoppel, waiver, laches, or closely-related doctrines, Defendants' argument is not well-taken now.

Ironically, the Sixth Circuit's prior decision in this case is perhaps the best precedent in support. As the Court knows, Defendants made a prior, different 11th hour challenge to Plaintiffs claims, an argument that had been available to it for years and one that was never before advanced in a specific way. This Court accepted Defendants' argument and ignored the untimely nature of the attempt to dismiss most of the case. On appeal the Sixth Circuit reversed, principally because Defendants had "fail[ed] to raise the issue 'at a pragmatically sufficient time'…[.]" *ATSCO Holdings Co., et al. v. Air Tool Co., et al*., Case No. 18-3959 (December 31, 2019) (available at Dist. Ct. Doc. 107.)

The same principles are at play now. As noted, everything Defendants argue now has been available to them for years, dating back to the counterclaim judgment and the notice of appeal.

Instead, the Defendants fully participated in the appeal and on remand. The "pragmatically sufficient" time was before all that time and investment occurred. Now it is too late.

On the other question, there does not appear to be disagreement over the viable claims.

## II. CONCLUSION

For these reasons, the Court should overrule Defendants' Motion.

                Respectfully submitted,

                */s/ Brian P. Muething*
                Brian P. Muething (0076315)
                KEATING MUETHING & KLEKAMP, PLL
                One East Fourth Street, Suite 1400
                Cincinnati, Ohio 45202
                Tel:  (513) 579-3814
                Fax:  (513) 579-6457
                bmuething@kmklaw.com

                *Attorney for Plaintiffs, ATSCO Holdings*
                *Corp. and HY-TECH Machine, Inc.*

## CERTIFICATE OF SERVICE

      I certify that on the 14th day of October, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which send notification of such filing to all counsel of record.

                                      */s/ Brian P. Muething*
                                      Brian P. Muething

11194417.1