UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


ATSCO HOLDINGS CORP. ET AL.,    )    CASE NO.1:15CV1586
    )
        Plaintiff,    )    SENIOR JUDGE
    )    CHRISTOPHER A. BOYKO
    )
        vs.    )
    )
AIR TOOL SERVICE CO. ET AL.,    )    ORDER
    )
        Defendant.    )

**CHRISTOPHER A. BOYKO, SR. J:**

To quickly recap the procedural posture of this case, the parties requested an unusual

method for determining the remaining claims by presenting evidence and testimony to the Court

via hard copy filings and thumb drives.  This would allow the Court to effectively conduct a

remote bench trial by reviewing the testimony and issuing a ruling.  Upon review of the briefs,

there were two issues  that were potentially dispositive of some, if not all, of the claims.  In an

October order, the Court asked for supplemental briefing on the following issues:

1)    Was the Consent Judgment itself or its legal effect on the Plaintiffs' Breach of Contract

    claims raised by either party or the Court of Appeals on appeal?  If so, what effect, if any,

    does the Sixth Circuit's silence on the Consent Judgment have on Plaintiffs' Breach of

    Contract claims and the Consent Judgment?  If not, what effect, if any, does the failure to

    raise the issue have on Plaintiffs' Breach of Contract Claims and the Consent Judgment?

2)      Do the parties' dispute Defendants' representation on what claims remain?

The reason the Court posited these questions was its concern that by taking a Consent Judgment on Defendants' Breach of Contract claim, Plaintiffs would be foreclosed from presenting their own Breach of Contract claims, four of which were remanded to the Court for trial.  Because the elements of a Breach of Contract claim include: 1) the existence of a contract, 2) performance by the party alleging breach, 3) breach by the opposing party, and 4) damage or loss as a result, see *Kline v. Mortg. Elec. Sec. Sys.,* 154 F. Supp. 3d 567, 603 (S.D. Ohio 2015), Defendants contend Plaintiffs' claims for breach must fail as Plaintiffs conceded Defendants performed their obligations under the contract by consenting to judgment on Defendants' Breach of Contract Counterclaim.

In their Supplemental Brief,  Defendants argue that the Sixth Circuit was never asked to review the Consent Judgment.   Plaintiffs never raised it in their Appellate Brief and never designated the Consent Judgment as an exhibit in their appeal.  Defendants Appellee Brief specifically argued that Plaintiffs were not appealing the Consent Judgment and Plaintiffs Reply Brief never contested this assertion.

Defendants further note that the remanded claims are distinct and unrelated to their Counterclaim which was disposed of in the Consent Judgment.  Moreover, by failing to raise any issue with the Consent Judgment on appeal, Plaintiffs cannot dispute it now.

Plaintiffs claim Defendants never raised the defense that Plaintiffs' Consent Judgment on Defendants' Counterclaim for Breach of Contract forecloses Plaintiffs' remaining claims. According to Plaintiffs, because the Sixth Circuit revived certain claims of Plaintiffs, allowing Defendants to raise a res judicata defense now would necessarily abrogate the Sixth Circuit

decision.

Therefore, Plaintiffs' contend Defendants have waived/abandoned the defense of res judicata and the Consent Judgment on Defendants' Counterclaim does not bar Plaintiffs' Breach of Contract claims.

Regarding the Court's second question to the parties about what claims remain, the parties agree that the only remaining claims are Plaintiffs' claims for Breach of Contract at Counts 6, 7, 8 and 9 of their Amended Complaint.  These claims include the Working Capital Adjustment, MacTurn Work issues and work performed elsewhere, MacTurn Maintenance Costs and MacTurn replacement costs.

In the Supplemental Briefing the parties both concede that neither side appealed the Consent Judgment.  Plaintiffs point to Defendants' Appellee Brief wherein Defendants discussed the Consent Judgment but did not argue it foreclosed any of Plaintiffs' Breach of Contract claims.  Plaintiffs did not challenge the Consent Judgment on appeal.  The Consent Judgment was a final appealable Order and failure to challenge it on appeal, for either its preclusive effect or its binding effect, results in any challenges to it being waived/abandoned.  "Arguments that are not specifically raised on appeal are considered abandoned and not reviewable, see *Robinson v. Jones,* 142 F.3d 905, 906 (6th Cir.1998), and issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Slater v. Potter,* 28 F. App'x 512, 513 (6th Cir. 2002) *citing United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir.1996).

Defendants never raised the Consent Judgment defense on appeal.  As this defense was available on appeal and potentially would have foreclosed all Plaintiffs' claims, failure to raise

the issue results in it being waived/abandoned.

As a result, the case shall proceed on the merits of the remaining claims as cited above.

To do otherwise would result in a nullification of the Sixth Circuit's ruling, which obviously this

Court cannot do.

IT IS SO ORDERED.


 /s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
Senior United States District Judge